ESPERANZA NIEVES RIVERA, recurrente, *v.* LA COMISIÓN INDUS-
TRIAL DE PUERTO RICO, ETC., demandada; ADMINISTRADOR
DEL FONDO DEL SEGURO DEL ESTADO, asegurador.

Núm. 211.—*Sometido:* Mayo 19, 1941. *Resuelto:* Junio 17, 1941.

*Edelmiro Soldevila,* abogado de la recurrente; *J. Vidal González,*
Asesor Legal del Fondo del Seguro del Estado, abogado del
Administrador del Fondo.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del
tribunal.

Esperanza Nieves Rivera pidió a la Comisión Industrial
de Puerto Rico que revisara cierta resolución que había dic-
tado en enero 31, 1940, y, previa audiencia de las partes
interesadas, la dejara sin efecto.

Basó su petición en los siguientes hechos y considera-
ciones: en abril 26, 1939, sufrió un accidente mientras desem-
peñaba funciones inherentes a su empleo bajo el patronato
de Miguel Barceló y como consecuencia quedó incapacitada
en un veinticinco por ciento de las funciones fisiológicas de
su pierna derecha más arriba de la rodilla, según resolución
de la Comisión Industrial.

Al computar el Administrador del Fondo la compensación
que le correspondía, pretendió hacerlo a base de un jornal
diario de cuarenta y nueve centavos en vez de un dólar que
era el que ganaba el día del accidente, y la recurrente le diri-
gió una comunicación exponiendo el hecho y alegando que
de acuerdo con la Ley Federal de Horas y Salarios su jornal

era de veinticinco centavos la hora, siendo de acuerdo con ese tipo que debía computársele la compensación.

No accedió el asegurador, la recurrente acudió ante la comisión y "ésta se negó a oír siquiera a la recurrente", declarando sin lugar su solicitud basada en una afirmación contenida en otro escrito.  Solicitó reconsideración y le fué negada.  Recurrió entonces para ante este tribunal y expedido el auto, presentó su alegato en marzo 17, 1941, celebrándose la vista del recurso en mayo 19 último.

La cuestión a resolver consiste en si la comisión pudo decidir de plano como lo hizo el recurso para ante ella establecido.

De los autos originales que tenemos a la vista resulta que en el escrito de apelación de la resolución del administrador fijando su incapacidad en un diez por ciento, presentado a la comisión por Esperanza Nieves, consignó ésta que ganaba cuarenta y nueve centavos al día.  La comisión decidió el caso fijando el grado de incapacidad en un veinticinco por ciento.  Volvió el asunto al Fondo y surgió la nueva discrepancia al fijarse la compensación.  Acudió otra vez a la comisión y ésta dictó la resolución cuya revisión se pide, que lee así:

"Con fecha 27 de mayo de 1940, radica en los presentes autos la lesionada Esperanza Nieves Rivera, por conducto de su abogado E. Soldevila, moción de revisión, por el fundamento de que el Administrador del Fondo del Seguro del Estado computó la compensación a que tiene derecho a base de un jornal diario de cuarenta y nueve centavos (49¢) en vez de un dólar al día, que era el jornal que ella efectivamente recibía el día que ocurrió el accidente.

"Examinado el escrito de apelación radicado por dicha lesionada ante esta Comisión Industrial, con fecha 29 de agosto de 1939, aparece que bajo su signo, estampado ante testigo, afirmó ella 'que el salario que ganaba mientras trabajaba bajo el patronato de Miguel Barceló Romaguera era el de cuarenta y nueve centavos (49¢) diarios'.  Con vista de lo antes expuesto declaramos sin lugar la solicitud de revisión de la obrera lesionada."

¿Pudo actuar la comisión de tal modo o debió dar una oportunidad a la recurrente para probar su caso?

La ley sobre la materia—Ley núm. 45 de 1935, pág. 251—en su artículo diez, pág. 289, dispone que si el administrador y el obrero o empleado asegurado no llegaren a un acuerdo respecto a la compensación, como aquí sucedió, cualquiera de las partes podrá notificar a la comisión, la que señalará el caso para ser oído por la comisión o por un comisionado.

Nada dispone con respecto a cómo debe celebrarse la audiencia, pero tratándose como se trata de un organismo de funciones cuasi judiciales—sec. 6 de la ley, pág. 281—parece lo propio que se sigan en todo lo posible las reglas que se aplican a las cortes de justicia en procedimientos similares.

Puede que haya algún caso tan claro que una vista sea innecesaria pero aquí si bien es cierto que la recurrente en el primer escrito que dirigiera a la comisión con un propósito distinto consignó entre los varios datos que contiene que su salario era el de cuarenta y nueve centavos diarios, también lo es que ese extremo fué puesto por lo menos en tela de juicio por la propia recurrente cuando luego afirmó que era el de un dólar diario, alegando además, cómo cuestión de derecho, que el que debía servir de base para el cómputo era el aun mayor fijado por la Ley de Horas y Salarios.

Bajo esas circunstancias no creemos que estuviera autorizada la comisión para decidir el asunto en definitiva aceptando como única base cierta lo consignado en el primer escrito sin dar oportunidad a la recurrente de demostrar que el dato era erróneo, aparte de que la comisión prescindió en absoluto de considerar y resolver, por lo menos de resolver, la cuestión de derecho suscitada. La recurrente no tuvo ante la comisión el debido procedimiento de ley. Véase *Santos v. Comisión Industrial,* 58 D.P.R. 311.

*En tal virtud procede declarar el recurso con lugar, anular la resolución de la comisión de mayo 31, 1940, y devolvérsele el caso para que lo tramite y decida de acuerdo con los hechos y la ley.*